OFFICE OF CONSUMERS' COUNSEL, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Consumers' Counsel *v.* Pub. Util. Comm. (1988), 35 Ohio St. 3d 608.]

(No. 88-111—Decided February 19, 1988.)

*William A. Spratley,* consumers' counsel, *G. James Van Heyde* and *Evelyn R. Robinson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Robert S. Tongren, David C. Champion* and *James B. Gainer,* for appellee Public Utilities Commission.

*Squire, Sanders & Dempsey, Alan P. Buchmann, Arthur E. Korkosz, Charles R. McElwee II, Victor F. Greenslade, Craig I. Smith* and *Carl E. Chancellor,* for intervening appellee.

The cause is pending before the court on an appeal from the Public Utilities Commission of Ohio, on Cleveland Electric Illuminating Company's motion for leave to intervene as appellee, and upon consideration of the application for stay of the commission's order dated December 16, 1987, filed by the appellant pursuant to R.C. 4903.16.

The requirements of R.C. 4903.10 and 4903.11 are jurisdictional. Thus, a notice of appeal of an order of the commission may not be filed with this court unless: (1) the appellant's application for rehearing has been denied by an order of the commission within the thirty-day period set forth by R.C. 4903.10; (2) the appellant's application for rehearing has been denied by operation of law due to the commission's failure to rule upon the application within that thirty-day period; or (3) the commission had granted a rehearing and issued its decision abrogating, modifying or affirming its original order.

We construe the commission's January 20, 1988 entry as granting the appellant's December 21, 1987 application for rehearing for the purpose of addressing all the appellant's asserted errors in a single decision. Since the commission had not yet ruled upon the applications for rehearing, and because the thirty-day period for ruling on the appellant's January 15, 1988 application for rehearing had not expired when appellant filed its notice of appeal, this court has no jurisdiction to consider either the appellant's notice of appeal or its application for a stay of the commission's order.

It is ordered by the court that the motion for leave to intervene be granted, that the appellant's request for a stay be denied, and that the appeal be dismissed.

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.